<ol style="list-style-type: none">
<li>(1) The maximum amount allowed pursuant to Conn. Pub. Act No. 09-5, § 6(b) and/or any other applicable provision of law;</li>
<li>(2) Reimbursement for reasonable expenses that Relator incurred in connection with this action;</li>
<li>(3) An award of reasonable attorneys' fees and costs; and</li>
<li>(4) Such further relief as this Court deems equitable and just.</li>
</ol>

## H. COUNT VIII – GEORGIA FALSE MEDICAID CLAIMS ACT

448. Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

449. This is a *qui tam* action brought by Relator and the State of Georgia to recover treble damages and civil penalties under the Georgia False Medicaid Claims Act, Georgia Code Ann. § 49-4-168 *et seq*.

450. Georgia Code Ann. § 49-4-168.1 provides liability for any person who-

<ol style="list-style-type: none">
<li>(1) knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;</li>
<li>(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;</li>
<li>(3) conspires to defraud the state by getting a false or fraudulent claim allowed or paid.</li>
<li>(4) knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.</li>
</ol>

451. The Defendants have knowingly violated Georgia Code Ann. § 49-4-168.1 from at least 2005 to the present by violating the Federal Anti-Kickback Statute, as described herein.

452. The following Associated Facilities are located in Georgia: SSC Austell Operating Company, L.L.C. d/b/a/Anderson Mill Health and Rehabilitation Center; SSC Canton

116

Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation /Canton, and SSC Atlanta Operating Company, L.L.C. d/b/a Northeast Atlanta Health and Rehabilitation Center.

453. Sava, Woodwind Lakes, and the Associated Facilities located in Georgia have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Georgia, as listed above, knowingly submitted or caused to be submitted to the Georgia Medicaid programs and other state health care programs such false and/or fraudulent claims.

454. Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Georgia, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute. Compliance with federal and state laws and regulations is a condition of payment.

455. The State of Georgia, by and through the Georgia Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

456. Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Georgia's payment decision.

457. The ultimate submission by Sava, Woodwind Lakes and the Associated Affiliates located in Georgia, as listed above, of false claims to the state programs was a foreseeable factor in the State of Georgia's loss, and a consequence of the scheme.

458. As a result of the Defendants' violations of Georgia Code Ann. § 49-4-168.1, the State of Georgia has been damaged.

459. There are no bars to recovery under Georgia Code Ann. § 49-4-168.2, and, or in the alternative, Relator is an original source as defined therein. Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Georgia Code Ann. § 49-4-168.1 on behalf of herself and the State of Georgia.

460. This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Georgia in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF GEORGIA:

   (1)   Three times the amount of actual damages that the State of Georgia has sustained as a result of the fraudulent and illegal practices of the Defendants;

   (2)   A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that the Defendants presented or caused to be presented to the State of Georgia;

   (3)   Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To Relator Kukoyi:

(1)     The maximum amount allowed pursuant to Georgia Code Ann. § 49-4-168.2 and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## I.     COUNT XV - ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT

461.     Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

462.     This is a *qui tam* action brought by Relator and the State of Illinois to recover treble damages and civil penalties under the Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. 175 *et seq*.

463.     740 Ill. Comp. Stat. 175/3(a)(1) provides liability for any person who-

1.     knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

2.     knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

3.     conspires to commit a violation of 740 Ill. Comp. Stat. 175/3(a)(1);

4.     knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State.

119

464. The Defendants have knowingly violated 740 Ill. Comp. Stat. 175/3(a) from at least 2005 to the present by violating the Federal Anti-Kickback Statute and the Illinois Anti-Kickback Statute (305 Ill. Comp. Stat. 5/8A-3(b)), as described herein.

465. The following Associated Facilities are located in Illinois: SSC Hamilton Operating Company, L.L.C. d/b/a Montebello HealthCare Center; SSC Mount Vernon Operating Company, L.L.C. d/b/a Nature Trail Health Care Center; SSC Odin Operating Company, L.L.C. d/b/a Odin HealthCare Center, and SSC Westchester Operating Company, L.L.C. d/b/a Westchester Health and Rehabilitation Center.

466. Sava, Woodwind Lakes, and the Associated Facilities located in Illinois have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Illinois, as listed above, knowingly submitted or caused to be submitted to the Illinois Medicaid programs and other state health care programs such false and/or fraudulent claims.

467. Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Illinois, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false

reporting, including but not limited to the Federal Anti-Kickback Statute and the Illinois Anti-Kickback Statute (305 Ill. Comp. Stat. 5/8A-3(b)). Compliance with federal and state laws and regulations is a condition of payment.

468.     The State of Illinois, by and through the Illinois Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

469.     Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Illinois's payment decision.

470.     The ultimate submission by Sava, Woodwind Lakes and the Affiliated Facilities located in Illinois, as listed above, of false claims to the state programs was a foreseeable factor in the State of Illinois's loss, and a consequence of the scheme.

471.     As a result of the Defendant's violations of 740 Ill. Comp. Stat. 175/3(a), the State of Illinois has been damaged.

472.     There are no bars to recovery under 740 Ill. Comp. Stat. 175/4(e)(4), and, or in the alternative, Relator is an original source as defined therein. Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 740 Ill. Comp. Stat. 175/3(b) on behalf of herself and the State of Illinois.

473.     This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Illinois in the operation of its state programs.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF ILLINOIS:

(1) Three times the amount of actual damages that the State of Illinois has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that the Defendants presented or caused to be presented to the State of Illinois;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

TO RELATOR KUKOYI:

(1) The maximum amount allowed pursuant to 740 Ill. Comp. Stat. 175/4(d) and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## J. COUNT X – MARYLAND FALSE CLAIMS ACT

474. Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

475. This is a *qui tam* action brought by Relator and the State of Maryland to recover treble damages and civil penalties under the Maryland False Claims Act, Md. Code Ann. Health-Gen. §2-601 *et seq.*

476. Md. Code Ann. Health-Gen. §2-602 provides liability for any person who

(a) knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

(b) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(c) conspires to commit a violation of §2-602;

122

(d)    knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of Maryland, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State of Maryland.

477.    The Defendants have knowingly violated Md. Code Ann. Health-Gen. §2-602 from at least 2005 to the present by violating the Federal Anti-Kickback Statute, as described herein.

478.    The following Associated Facilities are located in Maryland: SSC Silver Spring Operating Company, L.L.C. d/b/a Arcola Health and Rehabilitation Center; SSC Bel Air Operating Company, L.L.C. d/b/a/ Bel Air Health and Rehabilitation Center; SSC Bethesda Operating Company, L.L.C. d/b/a Bethesda Health and Rehabilitation Center; SSC Forest Hill Operating Company, L.L.C. d/b/a Forest Hill Health and Rehabilitation Center; SSC Glen Burnie Operating Company, L.L.C. d/b/a Glen Burnie Health and Rehabilitation Center; SSC Annapolis Operating Company, L.L.C. d/b/a Heritage Harbour Health and Rehabilitation Center; SSC Glen Burnie North Arundel Operating Company, L.L.C. d/b/a North Arundel Health and Rehabilitation Center; SSC Baltimore Operating Company, L.L.C. d/b/a Overlea Health and Rehabilitation Center; SSC Laurel Operating Company, L.L.C. d/b/a Patuxent River Health and Rehabilitation Center, and SSC Catonsville Operating Company, L.L.C. Summit Park Health and Rehabilitation Center.

479.    Sava, Woodwind Lakes, and the Associated Facilities located in Maryland have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3)

pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Maryland, as listed above, knowingly submitted or caused to be submitted to the Maryland Medicaid programs and other state health care programs such false and/or fraudulent claims.

480.    Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Maryland, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute. Compliance with federal and state laws and regulations is a condition of payment.

481.    The State of Maryland, by and through the Maryland Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

482.    Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Maryland's payment decision.

483.    The ultimate submission by Sava, Woodwind Lakes and the Affiliated Facilities located in Maryland, as listed above, of false claims to the state programs was a foreseeable factor in the State of Maryland's loss, and a consequence of the scheme.

484.    As a result of the Defendants' violations of Md. Code Ann. Health-Gen. §2-602, the State of Maryland has been damaged.

485.    There are no bars to recovery under Md. Code Ann. Health-Gen. §2-606, and, or in the alternative, Relator is an original source as defined therein. Relator is a private person

with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Md. Code Ann. Health-Gen. §2-604(a) on behalf of herself and the State of Maryland.

486. This Court is requested to accept pendent jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the State of Maryland in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF MARYLAND:

(1) Three times the amount of actual damages that the State of Maryland has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2) A civil penalty of up to $10,000 for each false claim that the Defendants presented or caused to be presented to the State of Maryland;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

To RELATOR KUKOYI:

(1) The maximum amount allowed pursuant to Md. Code Ann. Health-Gen. §2-602 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## K. COUNT XI - MASSACHUSETTS FALSE CLAIMS ACT

487. Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

125

488.    This is a *qui tam* action brought by Relator and the Commonwealth of Massachusetts for treble damages and penalties under the Massachusetts False Claims Act, Mass. Gen. Laws Ann. 12 § 5(A) *et seq.*

489.    Mass. Gen. Laws Ann. 12 § 5B provides liability for any person who-

(1)    knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)    knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;

(3)    conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4)    knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or to transmit money or property to the commonwealth or political subdivision thereof.

490.    The Defendants have knowingly violated Mass. Gen. Laws Ann. 12 § 5B from at least 2005 to the present by violating the Federal Anti-Kickback Statute and the Massachusetts Anti-Kickback Statute (Mass. Gen. Laws Ann. 118E §41), as described herein.

491.    The following Associated Facilities are located in Massachusetts: SSC Methuen Operating Company, L.L.C. d/b/a/ Methuen Health and Rehabilitation Center and SSC New Bedford Operating Company, L.L.C. d/b/a SE Massachusetts Health and Rehabilitation Center.

492.    Sava, Woodwind Lakes, and the Associated Facilities located in Massachusetts have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to

126

maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Massachusetts, as listed above, knowingly submitted or caused to be submitted to the Massachusetts Medicaid programs and other state health care programs such false and/or fraudulent claims.

493.    Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Massachusetts, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute and the Massachusetts Anti-Kickback Statute (Mass. Gen. Laws Ann. 118E §41). Compliance with federal and state laws and regulations is a condition of payment.

494.    The Commonwealth of Massachusetts, by and through the Massachusetts Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

495.    Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the Commonwealth of Massachusetts's payment decision.

496.    The ultimate submission by Sava, Woodwind Lakes and the Associated Affiliates located in Massachusetts, as listed above, of false claims to the state programs was a foreseeable factor in the Commonwealth of Massachusetts's loss, and a consequence of the scheme.

497.    As a result of the Defendants' violations of Mass. Gen. Laws Ann. 12 § 5B, the Commonwealth of Massachusetts has been damaged.

498. There are no bars to recovery under Mass. Gen. Laws Ann. 12 § 5G, and, or in the alternative, Relator is an original source as defined therein. Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Mass. Gen. Laws Ann. 12 § 5C(2) on behalf of herself and the Commonwealth of Massachusetts.

499. This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the Commonwealth of Massachusetts in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the COMMONWEALTH OF MASSACHUSETTS:

(1) Three times the amount of actual damages that the Commonwealth of Massachusetts has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that the Defendants presented or caused to be presented to the Commonwealth of Massachusetts;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

To RELATOR KUKOYI:

(1) The maximum amount allowed pursuant to Mass. Gen. Laws Ann.12, §5F and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**L.    COUNT XII - MICHIGAN FALSE CLAIMS ACT**

500.    Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

501.    This is a *qui tam* action brought by Relator and the State of Michigan for treble damages and penalties under the Michigan False Claims Act, Mich. Comp. L. § 400.601 *et seq.*

502.    Mich. Comp. L. §§ 400.603, 400.606 and 400.607 provides liability for any person who-

> (1)    knowingly makes or causes to be made a false statement or false representation of a material fact for use in determining rights to a Medicaid benefit;

> (2)    makes or presents or causes to be made or presented to an employee or officer of this state a claim under Medicaid, knowing the claim to be false;

> (3)    enters into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another to obtain the payment or allowance of a false under §§ 400.1 to 400.121.

503.    The Defendants have knowingly violated Mich. Comp. L. §§ 400.603, 400.606 and 400.607 from at least 2005 to the present by violating the Federal Anti-Kickback Statute and the Michigan Anti-Kickback Statute (Mich. Comp. Laws § 400.604), as described herein.

504.    The following Associated Facilities are located in Michigan: SSC Oakland Cambridge Operating Company, L.L.C. d/b/a Cambridge East Healthcare Center; SSC Clawson Operating Company, L.L.C. d/b/a Cambridge North Healthcare Center; SSC Beverly Hills Operating Company, L.L.C. d/b/a Cambridge South Healthcare Center; SSC Clinton Township Operating Company, L.L.C. d/b/a Clinton-Aire Healthcare Center; SSC Fenton Operating Company, L.L.C. d/b/a Crestmont Nursing Care Center; SSC Flint Operating Company, L.L.C. d/b/a Heritage Manor Healthcare Center; SSC Westland Operating Company, L.L.C. d/b/a Hope

Healthcare Center; SSC Superior Township Operating Company, L.L.C. d/b/a Superior Woods Healthcare Center, and SSC Warren Operating Company, L.L.C. d/b/a Warren Woods Health and Rehabilitation Center.

505. Sava, Woodwind Lakes, and the Associated Facilities located in Michigan have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Michigan, as listed above, knowingly submitted or caused to be submitted to the Michigan Medicaid programs and other state health care programs such false and/or fraudulent claims.

506. Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Michigan, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute and the Michigan Anti-Kickback Statute (Mich. Comp. Laws § 400.604). Compliance with federal and state laws and regulations is a condition of payment.

507. The State of Michigan, by and through the Michigan Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

508.     Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Michigan's payment decision.

509.     The ultimate submission by Sava, Woodwind Lakes and the Affiliated Facilities located Michigan, as listed above, of false claims to the state programs was a foreseeable factor in the State of Michigan's loss, and a consequence of the scheme.

510.     As a result of the Defendants' violations of Mich. Comp. L. §§ 400.603, 400.606 and 400.607, the State of Michigan has been damaged.

511.     There are no bars to recovery under Mich. Comp. L. § 400.610a(13), and, or in the alternative, Relator is an original source as defined therein.  Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Mich. Comp. L. § 400.610a(9) on behalf of herself and the State of Michigan.

512.     This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Michigan in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF MICHIGAN:

(1)     Three times the amount of actual damages that the State of Michigan has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2)     A civil penalty of not less than $5,000 and not more than $10,000 for each false claim that the Defendants presented or caused to be presented to the State of Michigan;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATOR KUKOYI:

(1)     The maximum amount allowed pursuant to Mich. Comp. L. §400.610a(9) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## M.     COUNT XIII – NORTH CAROLINA FALSE CLAIMS ACT

513.    Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

514.    This is a *qui tam* action brought by Relator and the State of North Carolina to recover treble damages and civil penalties under the North Carolina False Claims Act, N.C. Gen. Stat. § 1-605 *et seq.*

515.    N.C. Gen. Stat. § 1-607 provides liability for any person who

(a)     knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

(b)     knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(c)     conspires to commit a violation of § 1-607;

(d)     knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of North Carolina, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State of North Carolina.

516.    The Defendants have knowingly violated N.C. Gen. Stat. § 1-607 from at least 2005 to the present by violating the Federal Anti-Kickback Statute, as described herein.

132

517.	The following Associated Facilities are located in North Carolina: SSC Brevard Operating Company, L.L.C. d/b/a Brian Center & Rehabilitation / Brevard; SSC Durham Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation Center / Durham; SSC Goldsboro Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation Center / Goldsboro; SSC Hendersonville Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Hendersonville; SSC Hickory East Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Hickory East; SSC Spruce Pine Operating Company, L.L.C. d/b/a Brian Center Health Rehabilitation Center / Spruce Pine; SSC Statesville Brian Center Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Statesville; SSC Wallace Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Wallace; SSC Waynesville Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Waynesville; SSC Weaverville Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Weaverville; SSC Wilson Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Wilson; SSC Windsor Brian Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Windsor; SSC Yanceyville Operating Company, L.L.C. d/b/a Brian Center Health & Rehabilitation / Yanceyville; SSC Concord Operating Company, L.L.C. d/b/a Brian Center Health & Retirement / Cabarrus; SSC Clayton Operating Company, L.L.C. d/b/a Brian Center Health & Retirement / Clayton; SSC Monroe Operating Company, L.L.C. d/b/a Brian Center Health & Retirement / Monroe; SSC Mooresville Operating Company, L.L.C. d/b/a Brian Center Health & Retirement / Mooresville; SSC Winston-Salem Operating Company, L.L.C. d/b/a Brian Center Health & Retirement /Winston Salem; SSC Gastonia Operating Company, L.L.C. d/b/a Brian Center Health and Rehabilitation / Gastonia; SSC Hickory 13th Operating Company, L.L.C. d/b/a Brian Center Health and Rehabilitation Hickory Viewmont;

133

SSC Charlotte Operating Company, L.L.C. d/b/a Brian Center Health and Rehabilitation / Charlotte; SSC Eden Operating Company, L.L.C. d/b/a Brian Center Health and Rehabilitation Center / Eden; SSC Hertford Operating Company, L.L.C. d/b/a Brian Center Health and Rehabilitation / Hertford; SSC Salisbury Operating Company, L.L.C. d/b/a Brian Center Health and Rehabilitation Center / Salisbury; SSC Lincolnton Operating Company, L.L.C. d/b/a Brian Center and Health and Retirement / Lincolnton: SSC Lexington Operating Company, L.L.C. d/b/a Brian Center Nursing Care / Lexington; SSC Charlotte Shamrock Operating Company, L.L.C. d/b/a Brian Center Nursing Care/ Shamrock; SSC Charlotte Retirement Operating Company, L.L.C. d/b/a Brain Center / Charlotte Retirement Apartments; SSC Kenansville Operating Company, L.L.C. d/b/a Kenansville Health and Rehabilitation Center; SSC Statesville Maple Leaf Operating Company, L.L.C. d/b/a Maple Leaf Health Care; SSC SSC Asheboro Operating Company, L.L.C. d/b/a Randolph Health and Rehabilitation Center; SSC Silver Stream Operating Company, L.L.C. d/b/a Silver Stream Health and Rehabilitation Center, and SSC Wilmington Operating Company, L.L.C. d/b/a Wilmington Health and Rehabilitation Center.

518.    Sava, Woodwind Lakes, and the Associated Facilities located in North Carolina have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid

patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in North Carolina, as listed above, knowingly submitted or caused to be submitted to the North Carolina Medicaid programs and other state health care programs such false and/or fraudulent claims.

519. Additionally, Sava, Woodwind Lakes and the Associated Facilities located in North Carolina, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute. Compliance with federal and state laws and regulations is a condition of payment.

520. The State of North Carolina, by and through the North Carolina Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

521. Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of North Carolina's payment decision.

522. The ultimate submission by Sava, Woodwind Lakes and the Affiliated Facilities located North Carolina, as listed above, of false claims to the state programs was a foreseeable factor in the State of North Carolina's loss, and a consequence of the scheme.

523. As a result of the Defendants' violations of N.C. Gen. Stat. § 1-607, the State of North Carolina has been damaged.

524. There are no bars to recovery under N.C. Gen. Stat. § 1-611, and, or in the alternative, Relator is an original source as defined therein. Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this

action pursuant to N.C. Gen. Stat. § 1-608(b) on behalf of herself and the State of North Carolina.

525.    This Court is requested to accept pendent jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the State of North Carolina in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF NORTH CAROLINA:

(1)    Three times the amount of actual damages that the State of North Carolina has sustained as a result of the fraudulent and illegal practices of the Defendant;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that the Defendant presented or caused to be presented to the State of North Carolina;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATOR KUKOYI:

(1)    The maximum amount allowed pursuant to N.C. Gen. Stat. § 1-610 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

## N.  COUNT XIV - TENNESSEE MEDICAID FALSE CLAIMS ACT

526.  Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

527.  This is a *qui tam* action brought by Relator and the State of Tennessee to recover treble damages and civil penalties under the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181 *et seq.*

528.  § 71-5-182(a)(1) provides liability for any person who—

    (a)    presents, or causes to be presented to the state, a claim for payment under the Medicaid program knowing such claim is false or fraudulent;

    (b)    makes or uses, or causes to be made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

    (c)    conspires to defraud the State by getting a claim allowed or paid under the Medicaid program knowing such claim is false or fraudulent;

    (d)    makes, uses, or causes to be made or used, a record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state, relative to the Medicaid program, knowing such record or statement is false.

529.  The Defendants knowingly violated Tenn. Code Ann. § 71-5-182(a)(1) from at least 2005 to the present by violating the Federal Anti-Kickback Statute and the Tennessee Anti-Kickback Statute (Tenn. Code Ann. § 71-5-182), as described herein.

530.  The following Associated Facilities are located in Tennessee: SSC Nashville Operating Company, L.L.C. d/b/a Greenhills Health and Rehabilitation Center; SSC Lebanon Operating Company, L.L.C. d/b/a Lebanon Health and Rehabilitation Center; SSC Newport

Operating Company, L.L.C. d/b/a Newport Health and Rehabilitation Center, and SSC Andersonville Operating Company, L.L.C. d/b/a Norris Health and Rehabilitation Center.

531.    Sava, Woodwind Lakes, and the Associated Facilities located in Tennessee have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Tennessee listed above, knowingly submitted or caused to be submitted to the Tennessee Medicaid programs and other state health care programs such false and/or fraudulent claims.

532.    Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Tennessee, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute and the Tennessee Anti-Kickback Statute (Tenn. Code Ann. § 71-5-182). Compliance with federal and state laws and regulations is a condition of payment.

533.    The State of Tennessee, by and through the Tennessee Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

534. Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Tennessee's payment decision.

535. The ultimate submission by Sava, Woodwind Lakes and the Associated Facilities located in Tennessee, as listed above, of false claims to the state programs was a foreseeable factor in the State of Tennessee's loss, and a consequence of the scheme.

536. As a result of the Defendants' violations of Tenn. Code Ann. § 71-5-182(a)(1), the State of Tennessee has been damaged.

537. There are no bars to recovery under Tenn. Code Ann. § 71-5-183(e)(2), and, or in the alternative, Relator is an original source as defined therein. Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Tenn. Code Ann. § 71-5-183(a)(1) on behalf of herself and the State of Tennessee.

538. This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Tennessee in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF TENNESSEE:

(1) Three times the amount of actual damages that the State of Tennessee has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2) A civil penalty of not less than $5,000 and not more than $25,000 for each false claim that the Defendants presented or caused to be presented to the State of Tennessee;

        (3)     Prejudgment interest; and

        (4)     All costs incurred in bringing this action.

To RELATOR KUKOYI:

        (1)     The maximum amount allowed pursuant to Tenn. Code Ann. § 71-5-183(c) and/or any other applicable provision of law;

        (2)     Reimbursement for reasonable expenses that Relator incurred in connection with this action;

        (3)     An award of reasonable attorneys' fees and costs; and

        (4)     Such further relief as this Court deems equitable and just.

## O.    COUNT XV - TEXAS FALSE CLAIMS ACT

539.    Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

540.    This is a *qui tam* action brought by Relator and the State of Texas to recover triple damages and civil penalties under Tex. Hum. Res. Code Ann. § 36.001 *et seq.*

541.    Tex. Hum. Res. Code Ann. § 36.002 provides liability for any person who-

        a.     knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid Program that is not authorized or that is greater than the benefit or payment that is authorized;

        (b)     knowingly makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning . . . information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program;

        (c)     knowingly enters into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another person in obtaining an unauthorized payment or benefit from the Medicaid program or a fiscal agent;

(d)    knowingly makes, uses, or causes the making or use of a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to this state under the Medicaid program; or

(e)    knowingly engages in conduct that constitutes a violation under Tex. Hum. Res. Code Ann. § 32.039 (the Texas Anti-Kickback Statute).

542.    The Defendants have knowingly violated Tex. Hum. Res. Code Ann. § 36.002 from at least 2005 to the present by violating the Federal Anti-Kickback Statute and the Texas Anti-Kickback Statute (Tex. Hum. Res. Code Ann. § 32.039), as described herein.

543.    The following Associated Facilities are located in Texas: SSC Kerrville Alpine Terrace Operating Company, L.P. d/b/a Alpine Terrace; SSC Fort Worth Nursing & Rehabilitation Center Operating Company, L.P. d/b/a Arlington Heights Health and Rehabilitation Center; SSC Bangs Operating Company, L.P. d/b/a Bangs Nursing Home; SSC Bastrop Operating Company, L.P. d/b/a Bastrop Nursing Center; SSC Bay City Operating Company, L.P. d/b/a Bay Villa Health Care Center; SSC Richmond Operating Company, L.P. d/b/a Brazosview Healthcare Center; SSC Lagrange Operating Company, L.P. d/b/a Care Inn of La Grange; SCC Houston Cypress Wood Operating Company, L.P. d/b/a Cypresswood Health and Rehabilitation Center; SSC Wimberley Operating Company, L. P. d/b/a Deer Creek of Wimberley; SSC Fort Worth Downtown Operating Company, L.P. d/b/a Downtown Health and Rehabilitation Center; SSC Kerrville Edgewater Operating Company, L.P. d/b/a Edgewater Care Center; SSC Pasadena Operating Company, L.P. d/b/a Faith Memorial Nursing Home; SSC Missouri City Operating Company, L.P. d/b/a First Colony Health and Rehabilitation Center; SSC Marlin Operating Company, L.P. d/b/a Golden Years Nursing and Rehabilitation Center; SSC Pleasant Prairie Operating Company, L.L.C. d/b/a Grande Prairie Health and Rehabilitation Center; SSC Waco Greenview Operating Company, L.P. d/b/a Greenview Manor; SSC Kerrville Hilltop Village Operating Company, L.P. d/b/a Hilltop Village Nursing and Rehabilitation

141

Center; SSC Goldthwaite Operating Company, L.P. d/b/a Hillview Manor; SSC Arlington Operating Company, L.P. d/b/a Interlochen Health and Rehabilitation Center; SSC Harris Jacinto City, L.P. d/b/a Jacinto City Healthcare Center; SSC Kountze Operating Company, L.P. d/b/a Kountze Nursing Center; SSC San Diego La Paloma Operating Company, L.P. d/b/a La Paloma Nursing Center; SSC Waco Lakeshore Village Operating Company, L.P. d/b/a Lakeshore Village Healthcare Center; SSC McAllen Las Palmas Operating Company, L.P. d/b/a Las Palmas Healthcare Center; SSC Levelland Operating Company, L.P. Levelland Nursing & Rehabilitation Center; SSC Harris Village, L.P. d/b/a Memorial City Health and Rehabilitation Center; SSC San Antonio Memorial Operating Company, L.P. d/b/a Memorial Medical Nursing Center; SSC McKinney Operating Company, L.P. d/b/a North Park Health and Rehabilitation Center; SSC San Antonio Northgate Operating Company, L.P. d/b/a Northgate Health and Rehabilitation Center; SSC Houston Northwest Operating Company, L.P. d/b/a Northwest Health and Rehabilitation Center; SSC Pampa Operating Company, L.P. d/b/a Pampa Nursing Center; SSC Athens Operating Company, L.P. d/b/a Park Highland Nursing & Rehabilitation Center; SSC Pasadena Vista Operating Company, L.P. d/b/a Pasadena Care Center; SSC Weatherford Peach Tree Operating Company, L.P. d/b/a Peach Tree Place; SSC Silsbee Operating Company, L.P. d/b/a Pine Arbor; SSC Alice Operating Company, L.P. d/b/a Retama Manor Nursing Center / Alice; SSC Nueces Retama, L.P. d/b/a Retama Manor Nursing Center / Corpus Christi North; SSC Edinburg Operating Company, L.P. d/b/a Retama Manor Nursing Center / Edinburgh; SSC Harlingen Operating Company, L.P. d/b/a Retama Manor Nursing Center / Harlingen; SSC Jourdanton Operating Company, L.P. Retama Manor Nursing Center / Jourdanton; SSC Laredo South Operating Company, L.P. d/b/a Retama Manor Nursing Center / Laredo – South; SSC Laredo West Operating Company, L.P. d/b/a Retama Manor Nursing

142

Center / Laredo – West; SSC McAllen Retama Operating Company, L.P. d/b/a Retama Manor Nursing Center / McAllen; SSC Pleasanton North Operating Company, L.P. d/b/a Retama Manor Nursing Center / Pleasanton North; SSC Pleasanton South Operating Company, L.P. d/b/a Retama Manor Nursing Center / Pleasanton South; SSC Raymondville Operating Company, L.P. d/b/a Retama Manor Nursing Center/ Raymondville; SSC Rio Grande City Operating Company, L.P. d/b/a Retama Manor Nursing Center / Rio Grande City; SSC Robstown Operating Company, L.P. d/b/a Retama Manor Nursing Center/ Robstown; SSC San Antonio West Operating Company, L.P. d/b/a Retama Manor Nursing Center / San Antonio West; SSC San Antonio North Operating Company, L.P. d/b/a Retama Manor Nursing Center/ San Antonio / North; SSC Weslaco Operating Company, L.P. d/b/a Retama Manor Nursing Center/ Weslaco; SSC San Antonio Silver Creek Operating Company, L.P. d/b/a Silver Creek Manor; SSC Harris Spring Branch L.P. d/b/a Spring Branch Healthcare Center; SSC Sweeny Operating Company, L.P. d/b/a Sweeny House; SSC Dallas Operating Company, L.P. d/b/a The Meadows Health and Rehabilitation Center; SSC Houston Westbury Place Operating Company, L.P. d/b/a The Westbury Place; SSC Weatherford Healthcare Center Operating Company, L.P. d/b/a Weatherford Healthcare Center; SSC Houston Southwest Operating Company, L.P. d/b/a Westchase Health and Rehabilitation Center, and SSC Alvin Operating Company, L.P. d/b/a Winchester Lodge Healthcare Center.

544.    Sava, Woodwind Lakes, and the Associated Facilities located in Texas have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to

maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Texas, as listed above, knowingly submitted or caused to be submitted to the Texas Medicaid programs and other state health care programs such false and/or fraudulent claims.

545. Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Texas, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute and the Texas Anti-Kickback Statute (Tex. Hum. Res. Code Ann. § 32.039). Compliance with federal and state laws and regulations is a condition of payment.

546. The State of Texas, by and through the Texas Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

547. Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Texas's payment decision.

548. The ultimate submission by Sava, Woodwind Lakes and the Affiliated Associates located in Texas, as listed above, of false claims to the state programs was a foreseeable factor in the State of Texas's loss, and a consequence of the scheme.

549.    As a result of the Defendants' violations of Tex. Hum. Res. Code Ann. § 36.002, the State of Texas has been damaged in an amount far in excess of millions of dollars exclusive of interest.

550.    There are no bars to recovery under Tex. Hum. Res. Code Ann. § 36.113(b), and, or in the alternative, Relator is an original source as defined therein.  Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Tex. Hum. Res. Code Ann. § 36.101 on behalf of herself and the State of Texas.

551.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Texas in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF TEXAS:

(1)    Three times the amount of actual damages that the State of Texas has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2)    A civil penalty of note less than $5,000 as described in Tex. Hum. Res. Code Ann. § 36.052(a)(3) for each false claim that the Defendants presented or caused to be presented to the State of Texas;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATOR KUKOYI:

(1)    The maximum amount allowed pursuant to Tex. Hum. Res. Code Ann. § 36.110, and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relator incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

**P.     COUNT XVI - WISCONSIN FALSE CLAIMS ACT**

552.    Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

553.    This is a *qui tam* action brought by Relator and the State of Wisconsin to recover treble damages and civil penalties under the Wisconsin False Claims Act, Wis. Stat. Ann. § 20.931 *et seq.*

554.    Wis. Stat. Ann. § 20.931(2) provides liability for any person who-

(1)     knowingly presents, or causes to be presented, to an officer or employee of the State a false or fraudulent claim for payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

(3)     conspires to defraud the State by getting a false or fraudulent claim allowed or paid;

(4)     knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

555.    The Defendants have knowingly violated Wis. Stat. Ann. § 20.931(2) from at least 2005 to the present by violating the Federal Anti-Kickback Statute, as described herein.

556.    The following Associated Facilities are located in Wisconsin: SSC Ashland Operating Company, L.L.C. d/b/a Ashland Health and Rehabilitation Center; SSC Greenfield

Operating Company, L.L.C. d/b/a Southpointe Healthcare Center, and SSC Germantown Operating Company, L.L.C. d/b/a Virginia Highlands Health and Rehabilitation Center.

557. Sava, Woodwind Lakes, and the Associated Facilities located in Wisconsin have schemed to (1) create false and/or fraudulent Minimum Data Sets that resulted in correspondingly false and/or fraudulent RUG rates and therefore in higher Medicare reimbursement, (2) fraudulently submit claims for services that were not medically necessary or never provided, some or all of which claims arise out of medical records altered in order to maintain billing under Medicare Part A for patients no longer requiring skilled nursing care; (3) pay employee bonuses based on the Medicare reimbursement and census numbers; (4) violate patients' rights under 42 C.F.R. Part 483 Subpart B and (5) return Medicare and Medicaid patients' pharmaceuticals to Omnicare for facility credit upon the patients' discharge. Sava, Woodwind Lakes and the Associated Facilities located in Wisconsin, as listed above, knowingly submitted or caused to be submitted to the Wisconsin Medicaid programs and other state health care programs such false and/or fraudulent claims.

558. Additionally, Sava, Woodwind Lakes and the Associated Facilities located in Wisconsin, as listed above, falsely certified, expressly and/or impliedly and represented full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute. Compliance with federal and state laws and regulations is a condition of payment.

559. The State of Wisconsin, by and through the State of Wisconsin Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

560. Given the structure of the health care systems, the false statements, representations, and/or records made by the Defendants had the potential to influence the State of Wisconsin's payment decision.

561. The ultimate submission by Sava, Woodwind Lakes and the Affiliated Facilities located in Wisconsin, as listed above, of false claims to the state programs was a foreseeable factor in the State of Wisconsin's loss, and a consequence of the scheme.

562. As a result of the Defendants' violations of Wis. Stat. Ann. § 20.931(2), the State of Wisconsin has been damaged.

563. Relator is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Wis. Stat. Ann. § 20.931 on behalf of herself and the State of Wisconsin.

564. This Court is requested to accept pendent jurisdiction of this related state claim, as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Wisconsin in the operation of its state programs.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against the Defendants:

To the STATE OF WISCONSIN:

(1) Three times the amount of actual damages that the State of Wisconsin has sustained as a result of the fraudulent and illegal practices of the Defendants;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim that the Defendants presented or caused to be presented to the State of Wisconsin;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

148

To Relator Kukoyi:

    (1)      The maximum amount allowed pursuant to Wis. Stat. Ann. § 20.931(11) and/or any other applicable provision of law;

    (2)      Reimbursement for reasonable expenses that Relator incurred in connection with this action;

    (3)      An award of reasonable attorneys' fees and costs; and

    (4)      Such further relief as this Court deems equitable and just.

## Q.    COUNT XVII – COMMON FUND RELIEF

565.    Relator repeats and realleges each allegation contained in the preceding paragraphs of this Complaint.

566.    While the states possessing *qui tam* statutes have a regulatory scheme for rewarding the Relator for coming forward, those that have none will potentially receive a windfall with little or no investigation or commitment of time or resources to the recovery. The common-fund doctrine preserves the right of the litigant or counsel to an award from the common fund generated. The United States Supreme Court and many other courts have addressed this remedy. *Boeing Company v. Van Gemert*, 444 U.S. 472 478 (1980):

> Since the decisions in *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1882), and *Central Railroad & Banking Co. v. Pettuss*, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. [citations omitted]. The common-fund doctrine reflects the traditional practice in courts of equity, *Trustees v. Greenough*, supra 105 U.S., at 532-537, and it stands as a well-recognized exception to the general principle that requires every litigant to bear his own attorney's fees [citations omitted]. The doctrine rests upon the perception that persons who obtain the benefit of the lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense [citation omitted]. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionally among those benefitted by this suit. [citations omitted].

Accord, *In re Smithkline Beckman Corp. Securities Litig.*, 751 F. Supp. 525, 531 (E.D. Pa. 1990).

A string of cases recognizes the common fund doctrine for situations such as those that may arise in this case. See "The Common Fund Doctrine: Coming of Age in the Law of Insurance Subrogation," 31 Ind. L. Rev. 313, 337–38 (1998). Relator respectfully requests this Court to award him a percentage share from the common fund generated by his actions.

## XV.    EXHIBITS TO COMPLAINT

567.    The following exhibits, filed with Relator's Original Complaint, are hereby incorporated into this amended complaint.

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Nationwide listing of Sava nursing home facilities |
| 2 | E-mail dated April 5, 2011 from Relator to Peter E. Lougee re concerns about administrator |
| 3 | NHA Progress Notes/Social Progress notes signed by Angela McArthur |
| 4 | Effective Medicare Rates for Woodwind Lakes H&R CNTR |
| 5 | Social Worker Agenda with Administrator |
| 6 | Medicare Days for the Month of January 2011 |
| 7 | E-mail dated February 16, 2011 Re: FYI: Idea Box: West Division 2010 T3 Winners! |
| 8 | Daily Meeting Census Tool 3/30/2011. |

## XVI.    DEMAND FOR JURY TRIAL

568.    Pursuant to Federal Rule of Civil Procedure 38, Relator demands a trial by jury.

WHEREFORE, Relator respectfully requests all relief described herein.

Dated: July 30, 2015

UNITED STATES OF AMERICA,
*ex rel.* Tramell Kukoyi

Respectfully submitted,

BERG & ANDROPHY

Joel M. Androphy
State Bar No. 01254700
jandrophy@bafirm.com
Sarah M. Frazier
State Bar No. 24027320
sfrazier@bafirm.com
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785

**Attorneys in Charge for Relator
Tramell Kukoyi**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded via the United States Mail, certified, return receipt requested, to the United States Attorney's Office in the Southern District of Texas, the Attorneys General of the Qui Tam States and the Department of Justice in Washington, D.C. on July 30, 2015.

Sarah M. Frazier